JOHN M. MURRAY, ESQ. (FL. BN 157325)
CHRISTOPHER S. MORIN, ESQ. (FL. BN 177600)
NATHAN M. WHEAT, ESQ. (FL. BN 86602)
MURRAY, MORIN & HERMAN, P.A.
101 East Kennedy Boulevard, Suite 1810
Tampa, Florida 33602
(813) 222-1800 (T)
(Admission to Nevada Pro Hac Vice Pending)

G. DAVID ROBERTSON, ESQ. (SBN 1001)
KIRK C. JOHNSON, ESQ. (SBN 4299)
ROBERTSON, JOHNSON, MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 329-5600 (T)
Counsel for Defendants Aero-Trans Corporation

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD LARSON,<br><br>    PLAINTIFF,<br><br>v.<br><br>DIRK J. LEEWARD, personal representative of the Estate of James K. Leeward, AERO-TRANS CORPORATION d/b/a LEEWARD AERONAUTICAL SALES; a Florida corporation, BLACK and WHITE CORPORATIONS I to X and DOES 1 to 20,<br><br>    Defendants. | Case No.: 3:12-CV-00156-LRH-WGC<br><br>**JOINT STATUS REPORT AND ORDER EXTENDING STAY** |

The parties hereto, by their respective undersigned counsel, do hereby submit the following joint status report, and further stipulate and agree to extend the stay all proceedings entered in this cause on August 3, 2012 (Dkt # 29), for an additional 120 days. In support of thereof, the parties state as follows:

1. Pursuant the parties' agreement, the Court entered a stipulation and order to stay all proceedings on April 4, 2012 in the above-captioned action. (Dkt #24).

2. Also pursuant to the parties' agreement, the Court entered a second stipulation and order ("Order") to further stay all proceedings on August 3, 2012 in the above-captioned action. (Dkt #29).

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

JOINT STATUS REPORT AND PROPOSED ORDER EXTENDING STAY
PAGE 1

3. The Order requires the parties to file a joint status report with the Court within 120 days of its entry (*i.e.,* by December 1, 2012).

4. The parties continue to work diligently on developing an informal claim resolution program that would allow this claim and others arising from the September 16, 2011 National Championship Air Races accident to be resolved without further litigation. Indeed, the parties have now reached an agreement in principal regarding a final settlement process. The parties wish to continue to develop the resolution program without simultaneously litigating this matter and, therefore, request an additional stay of the proceedings.

5. Judges have wide discretion in managing their dockets. *See Hernandez v, City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998). Thus, it is well settled that federal district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citations omitted); *accord Ham v. JPMorgan Chase Bank N.A.,* 2012 U.S. Dist. LEXIS 30325, at *2 (D. Nev. Mar. 7, 2012). *See also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (finding that a district court has the power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). And judges in this federal district have routinely stayed proceedings so that parties can conduct settlement negotiations. *See, e.g., Howard v. Skolnik*, 2010 U.S. Dist. LEXIS 135165, at *2-3 (D. Nev. Dec. 8, 2010); *Michaud v. Bannister*, 2011 U.S. Dist. LEXIS 129038, at *2-3 (D. Nev. Nov. 4, 2011).

6. This case remains in its preliminary stages. There has been no discovery since the Court initially entered the stay and no scheduling order has been entered.

7. The parties hereby stipulate and agree that no party will be prejudiced if the Court continues the stay for an additional period.

8. The parties further stipulate and agree that the requested extension of the stay is not being submitted for the purposes of delay and instead is in furtherance of ongoing, good faith efforts to resolve this and other claims.

9. The parties further stipulate and agree that nothing in this Stipulation should be read as foreclosing any rights the parties may have under applicable law or provided by

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

JOINT STATUS REPORT AND PROPOSED ORDER EXTENDING STAY
PAGE 2

governing rules of procedure upon expiration of the stay period. Further, nothing in this Stipulation should be read as precluding the parties from settling or Plaintiff from dismissing any party for any reason at any time.

WHEREFORE, in light of the foregoing stipulations, the undersigned parties respectfully request that the Court enter an order staying all proceedings in this matter for an additional 120 days.

Respectfully submitted this 30th day of November, 2012.

ROBERTSON, JOHNSON,
MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 329-5600 (T)
(775) 348-8300 (F)

By: /s/ *G. David Robertson*
G. David Robertson, Esq.
Kirk C. Johnson, Esq.
*Attorneys for Defendants*
*Aero-Trans and Leeward Estate*

MURRAY, MORIN & HERMAN, P.A.
101 East Kennedy Boulevard, Suite 1810
Tampa, Florida 33602
(813) 222-1800 (T)
(813) 222-1801 (F)

By: /s/ *Christopher S. Morin*
John M. Murray, Esq.
Christopher S. Morin, Esq.
Nathan M. Wheat, Esq.
 (Admission to Nevada Pro Hac Vice Pending)
*Attorneys for Defendants*
*Aero-Trans and Leeward Estate*

LAW OFFICE OF JOHN F. KIRSCH
432 Court Street
Reno, NV  89501
(775) 348-2666 (T)
(775) 786-5573 (F)
*Attorney for Plaintiff Edward Larson*

By: /s/ *John F. Kirsch*
John F. Kirsch, Esq.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

JOINT STATUS REPORT AND PROPOSED ORDER EXTENDING STAY
PAGE 3

## ORDER

The Court, having considered the Stipulation submitted by the parties hereto and good cause having been found,

**IT IS SO ORDERED** that all proceedings in this matter are hereby stayed for a period of 120 days from entry of this Order so that the parties may continue their efforts to resolve this case without further litigation. The parties to the above Stipulation must file a joint status report with the Court either 120 days from the entry of this order or when the case is settled, whichever is sooner. Nothing in this Order will prohibit the parties from settling or Plaintiff from dismissing any party for any reason.

DATED this 4th day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE